IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2020 FEB 25 AM 9:49

RIGOBERTO MELERO-AGUIRRE, §
also known as Rigoberto Aguirre Melero, §
    Petitioner, §
  §
v. §    EP-20-CV-39-FM
  §
T. BERGAMI, Warden, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Rigoberto Melero-Aguirre, Federal Prisoner Number 48168-280, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He challenges his sentence in cause number EP-09-CR-1267-FM-2 in the United States District Court for the Western District of Texas. He alleges "he is legally and factually innocent of the collateral enhancement [of his sentence] based on a non-existing State of Texas conviction." *Id.* at p. 6. He asks the Court to vacate his sentence and resentence him without the enhancement. *Id.* at p. 7.

For the reasons discussed below, the Court will dismiss Melero-Aguirre's petition.

## BACKGROUND

Melero-Aguirre is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas. Pet'r's Pet., ECF No. 1, p. 1. Anthony is located in El Paso County, Texas, which is within the jurisdiction of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

Melero-Aguirre originally filed his petition in the United States District Court for the District of New Mexico. *Melero-Aguirre v. Bergami*, No. CV 20-00109 KWR/SCY (D. N.M.). His case was transferred to this Court because "Petitioner may only seek § 2241 relief in the District where Melero-Aguirre is incarcerated." Order to Transfer, ECF No. 2, p. 1 (citing

*Rumsfeld v. Padilla*, 452 U.S. 426, 442–43 (2004)).

The record in cause number EP-09-CR-1267-FM-2 establishes Melero-Aguirre led a major drug-trafficking organization. *United States v. Aguirre Melero*, EP-09-CR-1267-FM-2, Plea Agreement, ECF No. 172, Factual Basis. Between 1996 and 2009, he distributed approximately 5,750 kilograms of cocaine from El Paso, Texas. *Id.*, Presentence Investigation Report, ECF No. 550, ¶ 110. He was arrested by state authorities in 1998 after he agreed to sell an ounce of cocaine to an undercover detective. He was found guilty by a jury in cause number 980D06209 in 384th Judicial District Court of El Paso County for delivery of cocaine. *Id.* at ¶ 123. He was sentenced to ten years' imprisonment, suspended for ten years' probation. *Id.* He was arrested by federal authorities in 2009 after a Drug Enforcement Administration confidential source purchased approximately one kilogram of cocaine from him during a controlled undercover operation. *Id.*, Criminal Compl., ECF No. 1. He pled guilty, pursuant to a plea agreement, in cause number EP-09-CR-1267-FM-2 in the United States District Court for the Western District of Texas to conspiracy to possess with the intent to distribute more than five kilograms of cocaine. *Id.*, Plea Agreement, ECF No. 172, p. 1. He waived his right to contest his sentence in any post-conviction proceeding in the plea agreement. *Id.* at p. 6.

Melero-Aguirre was not sentenced as a career offender; he was initially sentenced under Sentencing Guideline § 2D1.1(a)(5) based on the quantity of cocaine he distributed. *Id.*, Presentence Investigation Report, ECF No. 550, ¶ 110. According to the Drug Quantity Table in the Sentencing Guidelines, his base offense level was 38. *Id.* He received upward adjustments for his role in the offense and for obstructing justice. *Id.* at ¶¶ 113, 114. He received a downward adjustment for his acceptance of responsibility. *Id.*, Statement of Reasons, ECF No.

282. His guideline imprisonment range was 360 months to life based on a total offense level of 40 and a criminal history category of III. *Id.* He was initially sentenced to life. *Id.*, J. Crim. Case, ECF No. 281. He was later resentenced to 300 months' imprisonment on the Government's motion. Am. J. Crim. Case, ECF No. 495. He did not appeal.

The Court denied Melero-Aguirre's first motion to vacate his sentence under 28 U.S.C. § 2255 as time barred on April 17, 2015. *Id.*, Mem. Op. & Order, ECF No. 477. The Court dismissed his second § 2255 motion for lack of jurisdiction on July 15, 2016, because he had not obtained the appropriate certification from the Fifth Circuit Court of Appeals to proceed. *Id.*, Mem. Op. & Order, ECF No. 517. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) ("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet [28 U.S.C.] § 2244(b)(2)'s new-rule or actual-innocence provisions").

In his § 2241 petition, Melero-Aguirre challenges his sentence. He claims his prior state-court conviction no longer qualifies him for a career-offender enhancement under Sentencing Guideline 4B1.1:

> In light of *Hill v. United States*, Cause No. A-06-CR-0025-SS (W.D. Tex. Dec. 9, 2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States, v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), Petitioners: (1) prior conviction's enhancement under 21 U.S.C § 851 and [Sentencing Guideline] § 4B1.1 became nonexistent, null and void; and (2) prior conviction for delivery no longer exists and do[es] not qualify him as a Career Offender requiring resentencing without the Career Offender Enhancement.

Pet'r's Pet., ECF No. 1, p. 6. He asks the Court to resentence him without a career-offender enhancement. *Id.* at p. 7.

## APPLICABLE LAW

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

### B. 28 U.S.C. § 2255

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox*, 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987).

### C. Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claims in a § 2241 petition, however, if they fall within the "savings clause" of § 2255(e). *Id.* Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of*

*his detention.*

28 U.S.C. § 2255(e) (emphasis added).   Case law establishes a petitioner must satisfy a two-prong

test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively
> applicable Supreme Court decision which establishes that the petitioner may have
> been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law
> at the time when the claim should have been raised in the petitioner's trial, appeal,
> or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).   Moreover, a petitioner must

prove both prongs.   *Padilla*, 416 F.3d at 426.   Indeed, a § 2241 petition is not a mere substitute

for a § 2255 motion, and a petitioner bears the burden of showing that the § 2255 remedy is

inadequate or ineffective.   *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder*

*v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

## ANALYSIS

Melero-Aguirre argues, "[i]n light of *Hill v. United States*, Cause No. A-06-CR-0025-SS

(W.D. Tex. Dec. 9, 2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States,*

*v. Tanksley*, 848 F.3d 347 (5th Cir. 2017)," his prior state-court conviction for the delivery of

cocaine no longer qualifies him for a career offender enhancement.   Pet'r's Pet., ECF No. 1, p. 6.

He suggests the Court should retroactively apply these cases and resentence him without an

enhancement.   *Id.* at p. 7.   Notably, Melero-Aguirre does not contend he did not commit the

federal offense of conspiring to possess with the intent to distribute more than five kilograms of

cocaine.   He also does not assert he did not commit the state offense of delivering cocaine.

As the Court noted above, a § 2255 motion—not a § 2241 petition—" 'provides the

primary means of collateral attack on a federal sentence.' " *Pack*, 218 F.3d at 451 (quoting *Cox v.*

*Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e). The first prong of the stringent § 2255(e) savings clause test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. The second prong requires a petitioner to show his "argument falls within the scope of, and is excluded by, a prior holding of a controlling case." *Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010).

In *Hinkle*, the Fifth Circuit held a prior conviction for delivery of a controlled substance, in violation of Texas Health & Safety Code § 481.112(a), could not "serve as a predicate offense under the Career Offender Guideline provision, which is [Sentencing Guideline] § 4B1.1." *Hinkle*, 832 F.3d at 576–77. The Fifth Circuit reasoned "[t]he 'delivery' element of Hinkle's crime of conviction criminalize[d] a 'greater swath of conduct than the elements of the relevant [Guidelines] offense.' " *Id.* at 576 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016)). In *Tanksley*, the Fifth Circuit held that Texas Health & Safety Code "[s]ection 481.112(a) is an indivisible statute to which the modified categorical approach does not apply" because it " 'criminalizes a greater swath of conduct than the elements of the relevant [Guidelines] offense.' " *Tanksley*, 848 F.3d at 352 (quoting *Mathis*, 136 S. Ct. at 2251). Thus, Fifth Circuit concluded the offense of possession with the intent to deliver a controlled substance under § 481.112(a) did not qualify as a "controlled substance offense under the Sentencing Guidelines." *Id.* But because the Fifth Circuit—not the Supreme Court—decided *Hinkle* and *Tanksley*,

Melero-Aguirre' claim is not based on a retroactively applicable Supreme Court decision.

Further, Melero-Aguirre is not attacking his federal conviction; he is asserting "he is legally and factually innocent of the collateral enhancement based on a non-existing State of Texas conviction." Pet'r's Pet., ECF No. 1, p. 6. The Fifth Circuit "has repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Vallery v. Johnson*, 777 F. App'x 753 (5th Cir. 2019) (citing *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 427); *see also In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241"). As a result, Melero-Aguirre has not alleged he may have been convicted of a nonexistent offense.

Furthermore, the record shows Melero-Aguirre waived his right to contest his sentence in any post-conviction proceeding in the plea agreement. *United States v. Aguirre Melero*, EP-09-CR-1267-FM-2, Plea Agreement, ECF No. 172, p. 6. In addition, Melero-Aguirre was *not* sentenced as a career offender; he was sentenced based on the quantity of cocaine he distributed. *United States v. Aguirre Melero*, EP-09-CR-1267-FM-2, Presentence Investigation Report, ECF No. 550, ¶ 110. Hence, his argument that—since he no longer qualifies as a career offender—the Court should resentence him without the career-offender enhancement is barred by the plea agreement, has no basis in fact, and has no merit.

## CONCLUSION AND ORDERS

The Court concludes Melero-Aguirre cannot satisfy the first prong of the stringent § 2255(e) savings clause test. *Reyes-Requena*, 243 F.3d at 904. Hence, he cannot meet his

burden of demonstrating the inadequacy or ineffectiveness of § 2255. Consequently, the Court further concludes his claim regarding the validity of his sentence does not fall within § 2255's savings clause and is not cognizable in a § 2241 habeas corpus action. The Court will accordingly dismiss his petition for lack of jurisdiction. The Court therefore enters the following orders:

**IT IS ORDERED** that that Melero-Aguirre's pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Melero-Aguirre's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without Fifth Circuit approval, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this _24_ day of February 2019.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

-8-